IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTONIO L. SWEATT #143176, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 1:21-CV-00062 ) ) |
| DAMON HININGER, *et al.*, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) filed by Plaintiff Antonio L. Sweatt, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee. (Doc. No. 1). In addition, Plaintiff has filed an Application to Proceed in Forma Pauperis (Doc. No. 3), a Motion for Leave to Proceed In Forma Pauperis (Doc. No. 5), a Motion for an Order to the Court Clerk to Make Plaintiff Copies of All Court Documents Filed in this Case (Doc. No. 10), and a Motion for a Court Order for NECX to Make Legal Copies (Doc. No. 18).[1]

A prisoner is not allowed to file a civil action in forma pauperis in federal court if he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has previously filed at least four actions that trigger the "three strikes rule." *See Antonio Sweatt v. David Rogowski*, Case No. 3:04-cv-24, Doc. No. 13 at 12-14 (district court order listing Plaintiff's four strikes); *Antonio L. Sweatt v. Donal Campbell*, Case No. 1:1999-cv-

---

[1] Plaintiff also has filed a number of other motions, which the Court will address after the matter of the filing fee is resolved. (*See* Doc. Nos. 7, 9, 17, 19, 20, 21, 22).

1

00123 (M.D. Tenn. June 17, 1999) (dismissing complaint due to number of previous frivolous filings and absence of imminent physical harm), *aff'd*, (6th Cir. June 1, 2000). Indeed, Plaintiff readily acknowledges that he previously has accumulated three strikes. (*See* Doc. No. 1 at 10-11). In light of these prior dismissals, Plaintiff is a "three-striker" who may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, *e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, a plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted).

Here, the complaint alleges that, for a period of six years, Plaintiff was subjected to unconstitutional conditions of confinement while housed at the Sky Lab, a segregated housing unit, at the South Central Correctional Facility. The complaint further alleges that the exposure to "a serious inadequate ventilation system with lots of dust, lint, shower odor, urine odor, raw sewage odor, and a serious UNIDENTIFIED foul odor continuously emitted from plaintiff's vents in all his cells . . . caused several serious medical injury [sic] to plaintiff." (Doc. No. 1 at 2) (emphasis in original). Plaintiff names as Defendants numerous individuals who were employees of the South Central Correctional Facility during the six years Plaintiff was incarcerated there.

At the time Plaintiff filed his complaint, however, he was no longer in the custody of the South Central Correctional Facility. Plaintiff had been transferred to the Northeast Correctional

2

Case 1:21-cv-00062   Document 25   Filed 04/11/22   Page 2 of 5 PageID #: 427

Complex. (*Id*. at 44). Plaintiff since has been transferred to the Bledsoe County Correctional Complex. (Doc. No. 24).  Because, at the time he filed his complaint, Plaintiff was no longer subject to the conditions of confinement he describes at the South Central Correctional Facility, Plaintiff fails to show that he remains under imminent danger of serious physical injury as is required by 28 U.S.C. § 1915(g). The Court therefore finds that Section 1915(g) precludes the granting of pauper status in this case.

The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of Section 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). Accordingly, Plaintiff's Application to Proceed in Forma Pauperis (Doc. No. 3) and a Motion for Leave to Proceed In Forma Pauperis (Doc. No. 5) are **DENIED**.

If Plaintiff wishes to proceed with this action, he **MUST** submit the full filing fee of $402[2] to the Clerk of Court within 30 days of the entry of this Order. Plaintiff is cautioned that, should he fail to submit the full filing fee within the time specified, this action will be dismissed.

Plaintiff may request an extension of time to comply with this Order as long as he does so in writing no later than 30 days after the date this Order is entered. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Fed. R. App. P. 24.

Finally, Plaintiff has filed a Motion for an Order to the Court Clerk to Make Plaintiff Copies of All Court Documents Filed in this Case (Doc. No. 10). It appears that Plaintiff is asking the Court to make copies of every filing by Plaintiff at his expense in the event Plaintiff wishes to appeal the Court's rulings. (*Id*. at 2). Plaintiff also seeks a court order requiring prison officials to make copies for Plaintiff at his expense. (*Id*. at 3; Doc. No. 18).

To date, this Order is the only Order that has been entered in this case. Due to the sheer volume of filings by Plaintiff—which would result in significant copying fees for Plaintiff at $0.50 per page—the Court finds that it would be more appropriate to revisit Plaintiff's request after the resolution of the filing fee and the required screening of the complaint under the Prison Litigation Reform Act.[3] At that time, if Plaintiff still wishes to obtain and pay for copies of his filings, he may renew his request. Therefore, Plaintiff's Motion for an Order to the Court Clerk to Make Plaintiff Copies of All Court Documents Filed in this Case (Doc. No. 10) is **DENIED WITHOUT PREJUDICE**  to refile, if appropriate.

---

[2] Title 28 U.S.C. § 1914 requires a civil filing fee of $350 plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." § 1914(a) and (b). The Judicial Conference has prescribed a $52 administrative fee for filing any civil case, which does not apply to cases in which the plaintiff is granted leave to proceed in forma pauperis. Accordingly, plaintiffs who are not granted pauper status are liable for a $402 fee, while those who are granted pauper status are only assessed $350.

[3] If Plaintiff wishes to file an interlocutory appeal challenging the Court's denial of his pauper application, this Order contains the information Plaintiff would need.

Further, under the circumstances as described, the Court is without jurisdiction to interfere with the daily administrative workings of the prison, such as how and when copies are made for prisoners. Plaintiff does not allege that the facility's refusal to provide legal copies to Plaintiff has hindered his ability to pursue a nonfrivolous legal claim. He does not describe a cause of action in which his putative lost remedy was frustrated by not having copies. *See Wylie v. Bonner*, No. 2:20-cv-02593-TLP-tmp, 2021 WL 261280, at *9 (W.D. Tenn. Jan. 26, 2021). Plaintiff has successfully initiated this action and filed numerous subsequent filings. Thus, Plaintiff's Motion for a Court Order for NECX to Make Legal Copies (Doc. No. 18) is **DENIED WITHOUT PREJUDICE** to file, if appropriate.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE