IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTONIO L. SWEATT #143176, | ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 1:21-CV-00062 ) |
| DAMON HININGER, *et al.*, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

By Memorandum Opinion and Order entered on April 11, 2022, the Court denied pro se Plaintiff Antonio L. Sweatt's Application to Proceed in Forma Pauperis (Doc. No. 3) and Motion for Leave to Proceed In Forma Pauperis (Doc. No. 5), finding that Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g) who failed to show that he was under imminent danger of serious physical injury at the time he filed the complaint in this action. (*See* Doc. No. 25 at 1-2).[1] The Court ordered Plaintiff to submit the full civil filing fee of $402 to the Clerk of Court within 30 days of entry of the Court's Order. (*Id*. at 4). To date, Plaintiff has not complied with the Court's directive.

Instead, Plaintiff filed an "Objection to the Memorandum and Order Denying Plaintiff's Application to Proceed In Forma Pauperis and Motion for Leave to Proceed In Forma Pauperis Under Imminent Danger of Serious Physical Injury" (Doc. No. 26), a Declaration in support of his

---

[1] In the same Memorandum Opinion and Order, the Court also denied without prejudice Plaintiff's Motion for an Order to the Court Clerk to Make Plaintiff Copies of All Court Documents Filed in this Case (Doc. No. 10) and Motion for a Court Order for NECX to Make Legal Copies (Doc. No. 18). (*See* Doc. No. 25). Plaintiff does not appear to challenge those rulings.

1

Objection (Doc. No. 27), and an "Amended and Objection to the Memorandum and Order."[2] (Doc. No. 28). Essentially, Plaintiff asks the Court to reconsider its prior ruling that Plaintiff, a three-striker, failed to show that he was under imminent danger of serious physical injury at the time he filed his complaint.

While the Federal Rules do not explicitly permit motions to reconsider, Rule 54(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to revise interlocutory orders (like the Court's prior Order) under certain circumstances. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Id*. (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp*., 857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. "This standard obviously vests significant discretion in district courts." *Id*. at 959 n.7. The Court will construe Plaintiff's Objection (Doc. No. 26) as supplemented by his subsequent filings (Doc. Nos. 27 and 28) as a motion under Rule 54(b) to revise the Court's prior Order.

Here, Plaintiff does not allege that there has been a change of controlling law or new evidence is available for the Court to consider. Instead, Plaintiff alleges that (1) the Court failed to cite all cases establishing that Plaintiff is subject to the three-strikes rule; (2) the Court erroneously determined that Plaintiff was not under imminent danger of serious physical injury at the time he filed his complaint; and (3) the three-strikes provision is unconstitutional. (*See* Doc. No. 26 at 3,

---

[2] Also pending before the Court are Plaintiff's Motion for Telephone Conference (Doc. No. 17), "Motion for a Court Declaratory Order for TDOC and NECX Medical Department to give medical care and medications" (Doc. No. 19), Motion for a Court Order (Doc. No. 20), Motion for a Hearing (Doc. No. 21), and Motion for Medical Treatment (Doc. No. 22). These motions cannot be addressed until the matter of the filing fee has been resolved.

11). Thus, Plaintiff's argument is that the Court must reconsider its prior finding "to correct a clear error or prevent manifest injustice."

The Court begins with Plaintiff's first allegation supporting his Rule 54(b) motion. According to Plaintiff, while "[a] court must, when applying the three strikes provision, clearly identify each case relied on", this Court "only cited two (2) cases that the court relied on, beside what the plaintiff[] informed the court of his three-strikes." (Doc. No. 28 at 3). Plaintiff's argument fails for two reasons. First, Plaintiff unambiguously admits that he is a three-striker. (*See* Doc. No. 1 at 11) ("Plaintiff knows that he 'CAN NOT' proceed[] under the Section 1915(g) . . . 'unless' plaintiff[] can show that he was 'under imminent danger of serious physical injury.'") (underline in original removed). Second, the Court provided sufficient evidence in support of its determination that Plaintiff has attained at least three strikes under the PLRA. In the Court's prior Memorandum Opinion and Order, the Court cited two cases: *Antonio Sweatt v. David Rogowski*, Case No. 3:04-cv-24 (E.D. Tenn. filed 11/25/2003); *Antonio L. Sweatt v. Donal Campbell*, Case No. 1:1999-cv 00123 (M.D. Tenn. filed 6/11/1999). Even if the Court only had cited the more recent case, that sole citation would have been sufficient because, in the cited Order dated May 3, 2004, the Court listed the cases generating four strikes by plaintiff. (*See* Case No. 3:04-cv-24, Doc. No. 13 at 13-14). Plaintiff does not now argue that any of those four cases fail to establish a strike under the PLRA.

Next, the Court moves to Plaintiff's second reason for seeking a revision of the Court's prior decision: that the Court erroneously determined that Plaintiff was not under imminent danger of serious physical injury at the time he filed his complaint. (*See* Doc. No. 26 at 3). In the Court's prior Memorandum Opinion and Order, the Court noted that the complaint alleges (1) for a period of six years, Plaintiff was subjected to unconstitutional conditions of confinement while housed at

3

the Sky Lab, a segregated housing unit, at the South Central Correctional Facility; (2) the exposure to "a serious inadequate ventilation system with lots of dust, lint, shower odor, urine odor, raw sewage odor, and a serious UNIDENTIFIED foul odor continuously emitted from plaintiff's vents in all his cells . . . caused several serious medical injury [sic] to plaintiff" (Doc. No. 1 at 2) (emphasis in original); and (3) Plaintiff names as Defendants numerous individuals who were employees of the South Central Correctional Facility during the six years Plaintiff was incarcerated there. (*See* Doc. No. 25 at 2). In considering whether Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint, the Court pointed out that, at that time, Plaintiff was no longer in the custody of the South Central Correctional Facility and subject to the conditions of confinement he described at the South Central Correctional Facility. (*Id*. at 2-3). Thus, the Court found that Plaintiff had failed to show that he was under imminent danger of serious physical injury as is required by 28 U.S.C. § 1915(g) and, consequently, Section 1915(g) precludes the granting of pauper status in this case. (*Id*. at 3).

Plaintiff now alleges that the Court "'DID NOT ADDRESS' by its judicial experience" the "true facts" alleged in the complaint showing that Plaintiff was under imminent danger of serious physical injury "due to plaintiff's being 'CONTAMINATED' with 'Hepatitis C Disease' from being 'exposed to raw sewage and human waste' by the defendants." (Doc. No. 26 at 3-4) (emphasis in original). Plaintiff maintains that, because his "Hepatitis C Disease is not going to go away because of plaintiff's being transferred to another facility" (*id*. at 10), he qualifies for the statutory exception to the three-strikes rule. Plaintiff also alleges, for the first time, that he was not provided with any medical treatment for Hepatitis C at the Northeast Correctional Complex, his place of incarceration at the time he filed the complaint. (Doc. No. 28 at 4).

4

To fall within the statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citation omitted). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *See id*. Here, Plaintiff acknowledges in his most recent filings that, at the time he filed this action, he was no longer confined at the South Central Correctional Facility and thus no longer subject to the alleged conditions of confinement he describes in the complaint. However, Plaintiff now alleges that, at the time he filed this action, he was confined at the Northeast Correctional Complex where he was not receiving medical treatment for Hepatitis C; therefore, Plaintiff insists, he has shown that the threat to him was "real and proximate" and that the danger of serious physical injury existed at the time he filed the complaint.

"[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013). And "[f]ailure to receive adequate treatment for Hepatitis C, a chronic and potentially fatal disease, constitutes 'imminent danger.'" *Vandiver v. Vasbinder*, 416 F. App'x 560, 562-63 (6th Cir. 2011) (quoting *Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006)). *Compare Bostic v. Tenn. Dep't of Corrs.*, No. 3:18-cv-00562, 2018 WL 3539466, at *3 (M.D. Tenn. July 23, 2018) (finding that three-striker plaintiff's contention that defendants refused to provide any medical treatment for plaintiff's chronic medical condition adequately alleged facts supporting an inference that plaintiff is in imminent danger of serious physical injury for purposes of the threshold inquiry required by Section 1915(g)), *with Cruse v. Corr. Med. Assocs.*, No. 1:16CV68-LG-RHW, 2016 WL 7477554, at *2 (S.D. Miss. Dec. 29, 2016) (finding that prisoner with COPD had not alleged imminent danger of serious physical

5

injury where prisoner alleged he was being "overmedicated with Ibruprofen" but simply disagreed with the course of his treatment; prisoner also alleged the jail where he was housed was "unsafe" because "the ceiling is embedded with black mold in which [sic] is very dangerous to Plaintiff because [of] his chronic C.O.P.D. disease" but court found "there is nothing in the record which shows that the exacerbation [of his COPD] was related to mold or other alleged conditions at the jail.")

The Court does not dispute Plaintiff's assertions that Hepatitis C—the disease he alleges he contracted due to the conditions of his prior confinement at South Central—is a chronic and potentially fatal disease. And the Court acknowledges Plaintiff's allegation that, as a result of his Hepatitis C, he suffers from "appetite loss, fatigue, nausea and vomiting, vague stomach pain, and jaundice" (*id*. at 5) as well as "a severe hernia." (Doc. No. 28 at 2). However, Plaintiff makes no allegations in his complaint about the lack of medical treatment at the Northeast Correctional Complex. Plaintiff does not seek relief from any individual employed by the Northeast Correctional Complex.

With the exception of Damon Hininger, the Chief Executive Officer of CoreCivic, the only named Defendants to this action are employees of the South Central Correctional Complex. (*See* Doc. No. 1 at 5-9). "As such, [Plaintiff] fails to allege that he is in imminent danger of serious physical injury *from the named defendants*." *Smith v. Christiansen*, No. 2:20-CV-13202, 2021 WL 37732, at *2 (E.D. Mich. Jan. 5, 2021) (emphasis added) (citing Second, Third, Seventh, Ninth, and Tenth Circuit cases holding that there must be some nexus between the alleged imminent danger and the legal claims in the complaint). Though the Sixth Circuit has not issued a published decision requiring a nexus between the allegations of imminent danger and the claims of the complaint, its unpublished decisions endorse the application of such a requirement. *See Lapine v.*

*Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (citing Second Circuit's nexus requirement and finding that district court did not err in denying pauper status to three-striker whose "initial complaint failed to tie his legal claims to his allegations of spine disease and resulting pain"); *Shephard v. Morvzin*, No. 16-3236, 2016 WL 10592246, at *1 (6th Cir. Dec. 9, 2016) (quoting *Shephard v. Clinton*, 27 F. App'x 524, 525 (6th Cir. 2001)) (requiring three-striker to "describe the relationship between the alleged danger and the claims contained in the underlying complaint"). *See also Jones v. Crenshaw, Jr.*, No. 3:22-cv-45, 2022 WL 879419, *2 (M.D. Tenn. Mar. 23, 2022) (Richardson, J.) (denying three-striker's motion seeking relief from court's denial of pauper application because "there is no apparent nexus between the relief sought in the Complaint and the conditions which Plaintiff claims were at that time imposing illness or the risk of illness upon him."). Here, there is no apparent nexus between the relief sought in the complaint and the conditions which Plaintiff claims existed at the time he filed his complaint and the alleged harm. Consequently, the Court finds that Plaintiff has failed to demonstrate grounds for relief under Rule 54(b) from the Court's April 11, 2022 Memorandum Opinion and Order finding Plaintiff ineligible for pauper status under Section 1915(g).

Plaintiff's allegation that he will continue to suffer from the effects of Hepatitis C—which he contracted as a result of the deplorable conditions of his previous confinement—and that individuals at two different prisons were deliberately indifferent to those conditions and the threat to Plaintiff likely are sufficient to state colorable claims under 42 U.S.C. § 1983. However, as a three-striker who does not meet the statutory exception, Plaintiff cannot pursue those claims or other claims in the instant federal lawsuit until he has paid the full civil filing fee.

While Plaintiff alleges that the three-strikes provision should be found unconstitutional (*see* Doc. No. 26 at 11), "[t]he Sixth Circuit Court of Appeals has 'repeatedly reaffirmed' the

constitutionality of Section 1915(g) against challenges based on equal protection, due process, and the right of access to the courts, among others." *Avery v. Byrd*, No. 3:20-cv-00872, 2020 WL 7399023, at *1 (M.D. Tenn. Dec. 16, 2020) (citing *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (relying on *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998)); *Shabazz v. Schofield*, No. 3:13-cv-00091, 2013 WL 704408, at *9 (M.D. Tenn. Feb. 26, 2013) (recognizing that "[t]he Sixth Circuit has upheld the constitutionality of the 'three-strikes' rule against [such] arguments").

In summary, the Court finds that Plaintiff has not demonstrated "a need to correct a clear error or prevent manifest injustice" warranting the revision of the Court's prior Memorandum Opinion and Order. *Rodriguez*, 89 F. App'x 949, 959. Accordingly, Plaintiff's Objection (Doc. No. 26), which the Court construes as a Rule 54 motion (Doc. No. 26), is **DENIED**.

The Court notes that the bar imposed by 28 U.S.C. § 1915(g) does not preclude Plaintiff from pursuing this action. It does, however, deny him the right to obtain in forma pauperis status. The Court finds it appropriate to extend the deadline for Plaintiff's submission of the filing fee. If Plaintiff wishes to proceed with this action, he **MUST** submit the full filing fee of $402[3] to the Clerk of Court within 30 days of the entry of this Order. Plaintiff is cautioned that, should he fail to submit the full filing fee within the time specified, this action <u>will</u> be dismissed.

Plaintiff may request an extension of time to comply with this Order as long as he does so in writing no later than 30 days after the date this Order is entered. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Fed. R. App. P. 24.

---

[3] Title 28 U.S.C. § 1914 requires a civil filing fee of $350 plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." § 1914(a) and (b). The Judicial Conference has prescribed a $52 administrative fee for filing any civil case, which does not apply to cases in which the plaintiff is granted leave to proceed in forma pauperis. Accordingly, plaintiffs who are not granted pauper status are liable for a $402 fee, while those who are granted pauper status are only assessed $350.

Please note: **The court has moved.** To file in person or by mail, the new address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. For more information, visit the court's website (www.tnmd.uscourts.gov).

It is so **ORDERED**.

‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE